Mary Jean **BARR**, as Administratrix of the Estate of Jack Robinson, Deceased, Plaintiff,

v.

John **PRESKITT** et al., Defendants.

Civ. A. No. 74–67–E.

United States District Court, M. D. Alabama, E. D.

Feb. 10, 1975.

---

3. Phillips v. Neil, 452 F.2d 337 (6th Cir. 1971), and United States v. Burress, 418 F.2d 677 (4th Cir. 1969), are two such cases.

C. Neal Pope, Charles E. Floyd, Phenix City, Ala., for plaintiff.

W. G. Scrantom, Jr., and John T. Laney, III, Page, Scrantom, Harris, McGlamry & Chapman, Columbus, Ga., John V. Denson, Samford, Torbert, Denson & Horsley, Opelika, Ala., for defendants.

**ORDER**

VARNER, District Judge.

The instant suit is a suit brought by the administratrix[1] of the estate of a corporation's employee allegedly killed in the course of his employment. The president, vice-president and a co-employee of the corporation are the Defendants in the suit. The Plaintiff seeks to exercise a cause of action in tort against a third party tortfeasor while yet pursuing her decedent's workmen's compensation. It appears that Plaintiff may so proceed unless a definitive amendment to a statute is applied retrospectively. Applicability of the amendment is insisted upon by Defendants' motion to dismiss.

The question of primary importance in this case is whether the 1973 amendment to Code of Alabama, Title 26, § 312, is applicable to a cause of action which arose shortly before the amendment was passed and on which suit was filed shortly after the amendment was passed. Other sections of the workmen's compensation law of Alabama having provided for liability of the employer regardless of fault, § 312, at the time the cause of action arose, provided in workmen's compensation cases that:

"Where the injury * * * for which compensation is payable * * * was caused under circumstances also creating a legal liability for damages on the part of *any person other than the employer* * * *, the employee * * * may proceed against the employer to recover compensation * * * and at the same time *may bring an action* against such other party to recover damages for such injury or death * * *." (emphasis added)

In September, 1973, the section was amended so as to add, within the same

---

1. The status of Plaintiff to bring the suit is not here at issue. While Plaintiff has not yet properly alleged her capacity to sue, Code of Alabama, Title 26, § 312, it appears likely that Plaintiff may be able to amend her complaint to allege that there were no dependents of the deceased employee at the time the suit was filed.

sentence as that hereinabove quoted, the words:

"[P]rovided, however, neither an officer, director, agent, servant or employee of the same employer nor his personal representative, shall be considered a party other than the employer against whom such an action may be brought."

This addendum did not change the wording of the remedy theretofore provided by § 312. It simply changed the definition of the term, "any person other than the employer", to exclude any person through whom the employer might be made liable, in fact if not at law.

This Court, therefore, approaches the questions whether or not the amendment may constitutionally be applied retrospectively and, if so, whether or not the Legislature so intended its application.

 It is clear that a right of action may be vested, and if so, it becomes the property of him in whom it is vested, and the destruction of such a vested right is a violation of the due process clause of the Fourteenth Amendment. Gibbes v. Zimmerman, 290 U.S. 326, 54 S.Ct. 140, 78 L.Ed. 342; Graham v. Goodcell, 282 U.S. 409, 51 S.Ct. 186, 75 L.Ed. 415; Forbes Pioneer Boat Line v. Everglades Drainage District, 258 U.S. 338, 42 S.Ct. 325, 66 L.Ed. 647. It is equally clear that the State has complete control over the remedies which it offers to suiters in its courts, even to the point of making them applicable to rights or equities already in existence. Gibbes v. Zimmerman, supra; Hardware Dealers Mutual Fire Ins. Co. v. Glidden Co., 284 U.S. 151, 52 S.Ct. 69, 76 L.Ed. 214; League v. Texas, 184 U.S. 156, 22 S.Ct. 475, 46 L.Ed. 478. The problem often is one of drawing the distinction between remedial procedures and vested rights. Remedial or procedural statutes which do not create, enlarge, diminish, or destroy contractual or vested rights, but relate only to remedies or modes of procedure, are not within the general rule against retrospective operation and are generally held to operate retrospectively if so intended by the legislative body. Ohlinger v. United States, D.C., 135 F.Supp. 40; Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207.

Defenses, like causes of action, may be vested or they may be remedial. The following language appears in 16 Am. Jur.2d, Constitutional Law, § 425:

"[T]he general rule may conveniently be summarized by stating that a vested right to an existing defense is protected in like manner as a right of action, with the exception only of those defenses which are based on informalities not affecting substantial rights.

"Illustrations abound of defenses which are clearly substantial and of which a party cannot be deprived. One who has actually satisfied a demand against him cannot be required to meet it again by having it revived against him. * * * A right of defense arising from res judicata is a vested right of which one cannot be deprived without a violation of constitutional guarantees.

"On the other hand, a party has no vested rights in the defense of usury and the repeal of a statute which permits the defense of usury acts retrospectively and does away with the defense in actions on contracts already made. It is a privilege that belongs to the remedy and forms no element in the rights that inhere in the contract. And it has been held that there is no property right in a defense to a promise or obligation to pay a debt where such defense arises from a lapse of time coupled with the bar of a statute of limitations. Similarly, a state may, consistent with due process of law, abolish the defense of contributory negligence, or require that the defense of contributory negligence or assumption of risk shall in all cases be left to the jury."

The statute here in question provides a clear defense to any officer, agent or employee of an employer responsible for

an injury or death under the workmen's compensation laws. The defense given by the statute, in the view of this Court, is not one which as such has vested a right in any party but appears to be of the nature of an informality consisting of a matter which originally could have been dispensed with by the Legislature in the nature of remedial legislation. In that light, it would appear to be remedial, not a vested right.

Alabama courts have varied somewhat in determining whether or not various statutes are subject to retrospective application.

Alabama Power Co. v. Director of Industrial Relations, 36 Ala.App. 218, 54 So.2d 786,[2] involved a proceeding wherein the Director sought to award employee's benefits to an employee who, voluntarily and without good cause connected with such work, left his employment prior to expiration of the time which then would have entitled him to unemployment benefits (on February 22, 1948). By amendment adopted September 2, 1948, the law was changed to read that, where the employee leaves his work without good cause connected therewith, he may nonetheless become eligible for benefits provided he immediately takes another job on which he is employed for not less than the required eight weeks. The Department of Industrial Relations sought to tack the employment time served prior to the change of the law to the time served after the change of the law in order to award benefits to the employee. The question was whether or not the amendment should be retroactively construed so as to apply to those having theretofore permanently terminated their rights to compensation under

pre-existing law. The Court determined that the amendment created a new and substantive right to compensation in favor of the employee which right did not exist prior to the amendment; that there was found therein no clear and indisputable expressions of legislative design to give the statute retroactive operation; and that, therefore, the Act should have no retroactive operation and the employee should be barred from the claimed benefits.

In Barrington v. Barrington, 200 Ala. 315, 76 So. 81, the Court faced the question of whether or not the statute authorizing divorce to a wife who has lived separate and apart and without support from the husband for five years next preceding the filing of the bill should be retroactively applied. In that case, the Court found that the statute gave a new legal effect to conduct or conditions existing prior to its enactment and that, even though it does not offend the Constitution by an impairment of the obligation of the contract or by creating a crime or punishment ex post facto, it will not be given retroactive effect unless by its express terms or by unmistakable implication the Legislature indicated that it so intended. Finding no such indication, the Court held that the time prior to the passage of the bill within which the wife had lived separate and apart from her husband without support therefrom could not be tacked to the time after passage of the statute for purposes of establishing the statutory five-year period.

In Bryce Hospital Credit Union, Inc. v. Warrior Dodge, Inc., 276 So.2d 602, the Court of Civil Appeals of Alabama found the provision of the amendment to

---

2. In considering the effect of the statute, the Court set out the following principle which may be applicable to this case:

"It is a fundamental precept of our jurisprudence that substantive legal interests spring from the law in effect at the time such interests are alleged to have arisen or to have been violated. For this reason * * * courts have uniformly been reluctant to construe statutes as having retroactive operation, even though non of-

fensive constitutionally, unless the intent of the legislature that a statute is to operate retroactively is made certain, either by actual words, or by clear and necessary implication."

This Court will hereafter approach the question whether or not the language of the amendment in the instant case by clear and necessary implication shows the legislative intent that the amendment should be retroactive in nature.

Title 36, § 159, Code of Alabama 1940, adopted in September, 1971, was retrospective to the extent that it applied to allow the appellee, holder of a mechanic's lien on an automobile, to sell and pass clear title to said automobile "abandoned" on his premises as defined by provisions of § 159. The security interest by which appellant claimed a prior interest was duly filed in March, 1971, *repairs to the car were completed by the appellee in August, 1971, the law under which the appellee contends he had a right to sell the vehicle was adopted on September 7, 1971, and the statutory abandonment, as defined in the law occurred on October 31, 1971.* Title 36, § 161, Code of Alabama, provides in pertinent part that any automobile dealer or *repairman who shall have an abandoned motor vehicle on his property, may sell the same at public auction and, upon payment therefor, shall issue a bill of sale conveying free and clear title thereto.* Title 36, § 159, provides that, for the purposes of this chapter, "an abandoned motor vehicle" shall mean a motor vehicle which has been left by the owner with an automobile repairman * * * for repair * * * and has not been called for by such owner or other person within the period of 60 days after the time agreed upon * * * or within 60 days after completion of necessary repairs. These cases are not conclusive of the questions herein.

References made by the Supreme Court or the Legislature to a particular law as being a right or a remedy are often helpful.

The Supreme Court has referred to the provisions of former section, Code of Alabama, Title 26, § 312, as contemplating alternative "remedies", Western Union Telegraph Co. v. George, 239 Ala. 80, 194 So. 183, 186, not rights.

The Legislature, speaking in Code of Alabama, Title 26, § 271, "Surrender Of Rights", provides that the agreement or election provided by the "Elective Compensation" laws shall be a "surrender by the parties thereto of their *rights* to any other method, form, or amount of compensation or damages for any injury occasioned by * * * accident * * * in actual performance of the duties of his employment * * *." This refers necessarily to rights against the employer for injury so occasioned. No exception is listed to this "surrender of rights". However, § 272, entitled "Excluding Other Remedies", provides that the rights and remedies granted the employee (elective compensation) shall exclude all other rights and remedies of the employee, etc., on account of said injury, etc., "and except as herein provided in article 1 and article 2 (as the case may be) of this chapter, no employer included within the terms of this chapter, shall be held civilly liable for any personal injury to * * * workman due to accident while engaged in * * * business of the employer." Article 2 of that chapter (including § 312 providing for recovery from third party tortfeasors) is within the exception of the rule of § 272 excluding other remedies. It appears to this Court that the right to collect for damages tortiously done by others is a right recognized by the common law and superseded by the statutory right enunciated in Code of Alabama, Title 26, § 270 et seq. Chapter 5, regarding workmen's compensation cases, § 271, provides that this is an exclusive right without exception. The remedy for effecting the right against the employer is provided by §§ 253 et seq., and the common law remedy against any party other than the employer is preserved against the prohibitions of § 272 by § 312.

This Court, therefore, concludes that § 312, providing that:

"Where * * * injury * * * for which compensation is payable * * * was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer * * * *may bring an action* against such other party" (emphasis added),

creates a remedy, not a right.

Having concluded that the provisions of § 312 involve a remedy, not a right, the question of whether or not the statute speaks retrospectively must depend upon the intention of the Legislature. Any one of several rules of construction may be helpful.

The polestar of statutory construction is legislative intent.

"[A] statute must be considered in the light of its purpose, the mischief it is designed to correct \* \* \*." Richland Development Co., Inc. v. Staples, 5 Cir., 295 F.2d 122, 128.

That question may be somewhat simplified where the Legislature, by the questioned amendment, makes no attempt to revise pre-existing statutory phraseology but simply defines a term contained in the pre-existing statute which has been defined otherwise by a court. This would indicate, not an intent to change the statutory proviso in question, but simply a legislative mandate that the proviso from its inception be construed as defined by the language of the amendment. The Legislature's intent at the time of the 1973 addendum to § 312 was, not to change the law, but to clarify it. The amendment, therefore, was intended to speak retrospectively from the adoption of the statute, § 312.

The Legislature faced the dilemma of providing a remedy for industrial-type accidents even when the fault was that of the employee. Elective-compensation liability, being without fault, the statutory amount thereof is limited by statute.

Workmen's compensation involves a remedy to recover for industrial accidents to the employee against his employer. This remedy is supplemental to the remedy of a cause of action for tort against the wrongdoer. Statutory workmen's compensation, being an elective remedy against the employer independent of the employer's fault, the injured employee may, nonetheless, recover from the wrongdoer pursuant to his routine remedies for tort. To avoid double recovery, an employer, having contributed compensation benefits to the injured employee, was exempted from further liability and allowed to participate to the extent of his contribution in the final recovery from the tortfeasor. If the tortfeasor were the employer or some person for whose error the employer was responsible *respondeat superior,* the Legislature concluded that the employer's immunity to the tort remedy should have been extended to all those associated with the employer in responsibility. They, therefore, retrospectively defined the term "employer" to accomplish their original purpose—immunity from tort liability for all those for whose fault the employer is liable. The remedies for the death of the employee were thereafter limited to a suit for workmen's compensation against the employer and a suit for wrongful death against any tortfeasor causing the death except one for whose wrong the employer would otherwise have been responsible.

An understanding of the evolution of the application of § 312 may be helpful in understanding the legislative intent of those legislators last amending § 312 in 1973. While the Alabama Supreme Court had not construed the questionable proviso until December 23, 1970, there was substantial authority indicating that, in Alabama, an employer, its servant, agent, officer and director, were protected from suit in tort by an employee protected by workmen's compensation, Allman v. Hanley, 5 Cir., 302 F.2d 559, 564; 2 Larson, The Law of Workmen's Compensation, § 72.-20. On December 23, 1970, the Supreme Court of Alabama in United States Fire Ins. Co. v. McCormick, 286 Ala. 231, 243 So.2d 367, found that the then-effective provision of § 312 (allowing a remedy in tort against any tortfeasor other than plaintiff's compensating employer) meant exactly what it said and did not bar a suit in tort against a fellow servant. In 1973, the Legislature, without changing the questionable phrase, defined the words "any person other than the employer" to include "an officer, director, agent, servant or employee" or

"personal representative" of the "same employer", thereby barring suit in tort against all those acting in concert with the employer. They, thereby, in the view of this Court, implied approval of the statute as it had been but disapproved the Court's interpretation thereof in *McCormick*.

■ This Court is of the opinion that the amendment thereto, by which the Legislature limits the definition of a "party other than the employer", § 312, speaks retrospectively as to causes of action accrued prior to the adoption of the amendment where suits thereon were filed after the adoption thereof. It is, therefore, the

Order, judgment and decree of this Court that the Defendants' motion to dismiss filed herein November 15, 1974, be, and the same is hereby, granted, and the above-styled cause is hereby dismissed. It is further

Ordered that the costs of this action be, and the same are hereby, taxed against the Plaintiff, for which execution may issue.