Betty L. HUNTER and William Hunter, Plaintiffs and Co-appellants,

v.

SCHOOL DISTRICT OF GALE-ETTRICK-TREMPEALEAU and Rural Insurance Companies, Defendants-Appellants,

BEAVER BUILDERS, INC., Defendant-Respondent-Petitioner,

MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Defendant.

Supreme Court

*No. 78–045. Argued June 2, 1980.—Decided June 27, 1980.*

(Also reported in 293 N.W.2d 515.)

For the respondent-petitioner there were briefs by *Thomas S. Sleik, Q. H. Hale, James G. Curtis* and *Hale, Skemp, Hanson & Skemp* of La Crosse, and oral argument by *Thomas S. Sleik.*

For the plaintiff-co-appellant there was oral argument by *Peder G. Arneson* of La Crosse.

For defendants-appellants there was a brief by *LaVern G. Kostner* and *Kostner, Ward, Galstad & Koslo* of Arcadia, and oral argument by *LaVern G. Kostner.*

COFFEY, J. This is an appeal of a decision of the court of appeals reversing the judgment of the circuit court and holding that sec. 893.155, Stats. (as amended by ch. 335, Laws of 1975, effective June 13, 1976) could

not be applied in this case to bar the appellant's, School District of Gale-Ettrick-Trempealeau, (School District), cross-claim for indemnification or contribution. The court further held that the statute did not bar the co-appellants', William and Betty Hunter, claim for negligence against the respondent-petitioner, Beaver Builders Supply, Inc.

The record establishes that in 1959–60 Beaver Builders constructed an addition to the gymnasium of the Trempealeau Elementary School. The addition was completed as of December 31, 1960. On November 18, 1975, the appellant, Betty Hunter, was injured while participating in a volleyball program conducted at the Trempealeau Elementary School gymnasium. The testimony relates that during the course of a volleyball game the ball became lodged on top of an 8-foot cement block wall constructed, in 1959–60 by Beaver Builders, diagonally across the corner of the gym to house and support a ventilation duct. The appellant jumped up onto the wall in an attempt to knock the ball off the top of the wall. In the process, she bumped the wall and a portion of the wall collapsed and fell on her, causing her injuries.

On August 23, 1961, the Wisconsin Legislature created sec. 330.155, Stats. of 1963, by ch. 412, Laws of 1961 (later renumbered 893.155 by ch. 66, §2, Laws of 1965.) [1]

[1] Sec. 893.155, Stats., reads as follows:

"No action to recover damages for any injury to property, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 6 years after the performance or furnishing of such services and construction. This limitation shall not apply to any person in actual possession and control as owner, tenant or otherwise, of the improvement at the

On February 4, 1975, this court declared this original statute, sec. 893.155, unconstitutional on equal protection grounds because only a limited number of those in the construction industry were entitled to claim its protection. *Kallas Millwork Corp. v. Square D Co.,* 66 Wis. 2d 382, 225 N.W.2d 454 (1975).

The legislature amended sec. 893.155, Stats., as ch. 335, Laws of 1975, effective June 13, 1976, prior to the appellant, Betty Hunter, commencing an action for injuries. The new statute reads:

"No action to recover damages for any injury to property, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, land surveying, planning, supervision of construction, materials or construction of such improvement to real property, more than 6 years after the substantial completion of construction. If the injury or defect occurs or is discovered more than 5 years but less than 6 years after the substantial completion of construction, the time for bringing the action shall be extended 6 months."

The appellants, Betty and William Hunter, on March 8, 1977, filed their first complaint against the school district (the owner of the gym) and its insurer, Rural Insurance Companies. They alleged that the school district violated the "safe place" statutes (without specific allegations) or, in the alternative, were "negligent in the construction and/or maintenance of the cement block wall on the school grounds."

About one year later, on February 16, 1978, the appellants filed a second (amended) complaint joining Beaver Builders and their insurance company, Mutual Service Casualty Insurance Company, as party-defend-

time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action."

ants and alleging that Beaver Builders were negligent in their construction of the collapsed cement block wall. The school district filed an answer denying the allegations of negligence or a violation of the safe place statutes and also filed a cross-claim against Beaver Builders for indemnification and contribution. Beaver Builders moved for an order dismissing the appellants' amended complaint on the following grounds:

1. "the complaint is not timely"

2. "it is barred by the terms of the scheduling order"; and

3. "said action is barred by the statute of limitations pursuant to sec. 893.155, Wis. Stats. [as amended effective June 13, 1976]".

The trial court, following a hearing, granted the petitioner's, Beaver Builders, motion to dismiss, stating as follows:

". . . the action is barred by sec. 893.155 of the Statutes as amended by Chap, [sic] 335 of the Laws of 1975 effective June 13, 1976, . . . and in so finding I determine that the Statute of Limitations as amended is constitutional. . . ."

Thus, the trial court dismissed the appellants', Betty and William Hunter, cause of action for negligence and also the school district's cross-claim for indemnification or contribution.

Thereafter, the appellants moved the trial court to reconsider its earlier decision dismissing the cause of action against Beaver Builders. The trial court, after reconsideration, affirmed its prior decision ruling that the appellant's cause of action was barred by sec. 893.-155, Stats., as amended. The Hunters and the school district appealed from this ruling.

The court of appeals reversed the trial court's ruling and held that sec. 893.155, Stats., was not a bar to the appellant's cause of action in the following language:

"The trial court held sec. 893.155 Stats. (1977) applicable to this action and dismissed the complaint and cross-complaint, concluding there was no cause of action against Beaver Builders for negligent construction of the school after 1966. Appellants argue that the trial court erred in applying sec. 893.155 to actions for personal injuries occurring prior to its effective date. We agree.

"At the time the Hunters' cause of action accrued, they had a legal right to sue Beaver Builders for negligent construction of the school, subject only to the three-year statute of limitations contained in sec. 893.205, Stats. We hold that this legal right was one that legislative action could not later abrogate. In so holding, we adopt the widely recognized rule that an existing cause of action is a vested right that is protected by the due process clause of the United States Constitution, and may not be destroyed by subsequent legislation . . . [citations omitted]. This principle was recognized as early as 1860 as applicable in Wisconsin in an action on a debt. We therefore construe sec. 893.155, Stats., not to destroy causes of action vesting prior to its enactment."

It is from this decision that the petitioner, Beaver Builders, seeks review.

*Issue*

Did the court of appeals err in holding that sec. 893.-155, Stats., did not apply to Betty and William Hunter's cause of action and the school district's cross-claim for indemnification or contribution, for injuries she suffered prior to the effective date (June 13, 1976) of the statute?

On review, Beaver Builders, contends that the court of appeals erred in holding that sec. 893.155, Stats. (as amended in 1976), was not applicable to the present case and the appellants' causes of action were not barred. Specifically, they allege that the amended version of the statute does not contain the constitutional infirmities (a denial of equal protection) of the original sec. 893.-

155, Stats. 1961. They argue that the legislature intended that the statute would apply only to those actions commenced after the effective date of the statute (June 13, 1976). The petitioner further ". . . requests this Court to uphold the constitutionality of 893.155 [as amended] under the facts of this case."

Sec. 893.14, Stats., provides that the statutory limitation periods set forth in ch. 893, entitled "Limitations of Commencement of Actions and Proceedings", begins to run on the date the cause of action accrues:

> "**Actions, time for commencing.** The following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued except that the period shall not be considered to have expired when the court before which the action is pending shall be satisfied that the person originally served knowingly gave false information to the officer with intent to mislead him in the performance of his duty in the service of any summons or civil process. In the event the court so finds the period of limitation shall be extended for one year."

This court held in *Holifield v. Setco Industries, Inc.,* 42 Wis.2d 750, 168 N.W.2d 177 (1969), that a cause of action accrues:

> " ' ". . . where there exists a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has a present right to enforce it." ' " *Id.* at 754.

Thus, a cause of action for negligence is said to accrue and the statute of limitations begins to run on the date of the plaintiff's injury:

> "It is the fact and date of injury that sets in force and operation the factors that create and establish the basis for a claim of damages. It is true that, without an act of negligence, no claim for damages based on negligence can arise. It is likewise true that, without the

result of injury, no claim for damages based on negligence can be asserted, or at least successfully asserted. *Both the act of negligence and the fact of resultant injury must take place before cause of action founded on negligence can be said to have accrued."* (Emphasis supplied.) *Id.* at 756.

Therefore, in light of the above case law, Betty Hunter's cause of action for negligence accrued on the date of her injury (November 18, 1975). Thus, as the court of appeals ruled, she acquired a vested right in a cause of action as a result of her injury and we hold that this cause of action is protected by the due process clause of the United States Constitution. At the time her cause of action accrued against Beaver Builders, the school district and their insurers, the statute of limitation commenced to run.

Other causes of action in torts, including medical and dental malpractice and products liability cases, have also been held to arise and the statute of limitations commences to run at the time of injury:

". . . in a malpractice case the date of the negligent act is not necessarily the benchmark for the commencement of a period of limitations. Only in the event the injury occurs on the same date can it be said the cause of action then 'accrues'." *Olson v. St. Croix Valley Memorial Hospital,* 55 Wis.2d 628, 632, 201 N.W.2d 63 (1972). *See also: Boehm v. Wheeler,* 65 Wis.2d 668, 223 N.W.2d 536 (1974).

The original sec. 893.155, Stats. (August, 1961) was declared unconstitutional by this court in *Kallas Millwork Corp. v. Square D Co., supra,* (February 4, 1975):

"We . . . conclude that sec. 893.155, Stats., is unconstitutional, because it grants immunities to the class of defendants protected therein on a classification basis that is unreasonable and denies other possible defendants

equal protection of the laws, under the constitution of the United States." *Id.* at 384.

A legislative act that has been ruled unconstitutional has no legal effect or existence. In *State ex rel. Kleist v. Donald,* 164 Wis. 545, 159 N.W. 1066 (1917), this court held that:

"An *unconstitutional act of the legislature is not a law;* it confers no rights, it imposes no penalties, *it affords no protection, and is not operative, and in legal contemplation it has no existence.*" (Emphasis supplied.) *Id.* at 552–53.

Therefore, in view of the holdings in *Kallas* and *State ex rel. Kleist v. Donald,* the original sec. 893.155, Stats., was not operative as of the date it was declared unconstitutional and therefore not applicable at the time Betty Hunter's cause of action accrued (November 18, 1975). The question that remains to be answered is whether sec. 893.155 of the Wisconsin statute of limitations (as amended) applies to causes of actions for injuries incurred prior to its effective date.

The legislature amended sec. 893.155, Stats., June 13, 1976. Beaver Builders contends that this statute should be applied retroactively to persons who were injured before the effective date of the statute, but who failed to commence an action until after the date of the amendment. As a general rule, a recently passed act of the legislature is to be applied prospectively unless stated otherwise. In *Swanke v. Oneida County,* 265 Wis. 92, 60 N.W.2d 756, 62 N.W.2d 7 (1953), this court held that:

"2 Sutherland, Statutory Construction (3d ed.), p. 115, sec. 2201, states the general rule of statutory construction applicable to statutes generally with respect to their retrospective or prospective operation as follows:
" 'Retrospective operation is not favored by the courts, however, and a law will not be construed as retroactive

unless the act clearly, by express language or necessary implication, indicates that the legislature intended a retroactive application. The rule is the converse of the general principle that statutes are to operate prospectively. . . .' " *Id.* at 99.

Similarly, in *Feest v. Allis-Chalmers Corp.,* 68 Wis.2d 760, 229 N.W.2d 651 (1975), this court ruled that ". . . absent language to the contrary, it is generally presumed that an act is to apply prospectively only." *Id.* at 767.

It is clear, in the absence of express language in the amended statute and as a result of our thorough search of the legislative history, we are unable to find any support for the petitioner's claim that the legislature intended that the statute be applied retroactively to a cause of action that accrued prior to the effective date of the new statute (June 13, 1976). Therefore, we hold that sec. 893.155, Stats., as amended is applicable only to those causes of action accruing on or after its effective date and thus would not apply to causes of action accruing prior to that date.

As noted earlier, the appellant, Betty Hunter, acquired a distinct vested property right in a cause of action for negligence at the time of her injury:

". . . an existing right of action which has accrued under the rules of the common law or in accordance with its principles is a vested property right." 16 C.J.S. *Constitutional Law,* §254 (1956).

As a property right it is entitled to constitutional protection. *See: Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 33 L. Ed. 548, 92 S. Ct. 2701 (1972).

In *Barr v. Preskitt,* 389 F. Supp. 496 (D.C. Ala. 1975) the Federal District Court of the Middle District of Alabama held:

"It is clear that a right of action may be vested, and if so, it becomes the property of him in whom it is vested, and the destruction of such a vested right is a violation of the due process clause of the Fourteenth Amendment." *Id.* at 498.

Similarly, in *Schmidt v. State,* 68 Wis.2d 512, 228 N.W. 2d 751 (1975) this court stated:

". . . the fourteenth amendment prevents the state from depriving a person of life, liberty, or *property,* without due process of law, and . . . *the right to procedural due process is applicable only to state action which impairs a person's interest in either* life, liberty or *property.*" (Emphasis supplied.) *Id.* at 519.

This court has held that legislation enacted after the fact, "sec. 893.155, Stats." (as amended), cannot be interpreted to bar, limit or terminate a party's vested right in an accrued cause of action. In *Cornell v. Hichens,* 11 Wis. 368 (1860), this court stated:

"In general it may be said, that *whenever by the voluntary acts of the parties, and the force and operation of the law,* whether statutory or common as applied to those acts at the time, *a right accrues to the one to have or demand something of the other, such right cannot, against the will of the party to be injuriously affected, be divested, modified or controlled by any subsequent legislation.*" (Emphasis supplied.) *Id.* at 388–89.

Even if the statute were to be applied retroactively, Betty Hunter's vested right would not be barred. In *Shaurette v. Capitol Erecting Co.,* 23 Wis.2d 538, 128 N.W.2d 34 (1964), this court stated:

". . . the *Steffen Case* also recognizes an important qualification to the rule therein stated to the effect that retroactivity is not necessarily fatal to a remedial statute; and that qualification is that *the retroactive application must not disturb vested rights.*" (Emphasis supplied.) *Id.* at 545.

Retrospective application of sec. 893.155, Stats., as amended, would have the effect of destroying or terminating Betty Hunter's vested property right in her accrued cause of action for negligence against Beaver Builders, the school district and their insurers and thus be in violation of due process clause of the Fourteenth Amendment. Therefore, sec. 893.155, as subsequently amended must only be held applicable to those causes of action that accrue subsequent to its June 13, 1976 effective date. Betty Hunter's cause of action accrued on November 18, 1975, more than nine months after the original sec. 893.155 was declared unconstitutional and seven months before the reenactment of the new limitation statute. In this interim period, between the time the original statute was declared unconstitutional and the new statute was enacted, neither version of this statute was in effect. Therefore, we hold the petitioner's claim that sec. 893.155 of the statute of limitations (as amended) applies is without merit. Thus, Betty Hunter possessed a constitutionally protected and enforceable vested right in a cause of action for negligence.

The husband's cause of action for loss of services and consortium would likewise not be barred because it is a derivative action and part of the main or underlying cause of action of Betty Hunter. As a derivative claim, it likewise accrued at the time of the petitioner's injuries and thus since sec. 893.155, Stats., was held inapplicable and not a bar to the underlying cause of action, therefore, it could not operate as a bar to the husband's derivative claim.

The school district's cross-claim for contribution or indemnification presents a different question as it is a separate and independent cause of action and does not accrue at the date of plaintiff's injury. *Johnson v.*

*Heintz,* 73 Wis.2d 286, 243 N.W.2d 815 (1976). Nevertheless, sec. 893.155, Stats. (as amended) is inapplicable to the school district's cause of action because we have determined that the statute only applies to injuries suffered on or after its effective date and thus only to the claims for contribution or indemnification based on those injuries:

> *"No action to recover damages* for any injury to property, or *for an injury to the person, or for bodily injury or wrongful death,* arising out of the defective and unsafe condition of an improvement to real property, *nor any action for contribution or indemnity for damages sustained on account of such injury,* shall be brought. . . ."

Therefore, we hold that the court of appeals did not err in holding that sec. 893.155, Stats., did not bar the Hunters' claim and the school district's cross-claim against Beaver Builders because the statute was not applicable to causes of action that accrued prior to the June 13, 1976 effective date of the enactment, nor their related claims for indemnification or contribution.

In view of the above holding that sec. 893.155 of the statute of limitation was not applicable in the present case, we need not reach the question of whether the new statute is constitutional.

*By the Court.*—The decision of the court of appeals is affirmed.