Marlene SMITH and Gerald Smith, Plaintiffs,

v.

SNO EAGLES SNOWMOBILE CLUB, INC.; General Casualty Company of Wisconsin; Headwater Trails, Inc.; Western World Insurance Company, Inc.; Michelle M. Hafer; and State Farm Mutual Automobile Insurance Company, Defendants.

Civ. A. No. 84–C–859.

United States District Court, E.D. Wisconsin.

Jan. 31, 1986.

Michael Tarnoff, Warshafsky, Rotter, Tarnoff, Gesler & Reinhardt, Milwaukee, Wis., for plaintiffs.

Michael Eckert, Rhinelander, Wis., L. William Staudenmaier, Cook & Franke, S.C., Timothy Mentkowski, Riordan, Crivello, Carlson & Mentkowski, Milwaukee, Wis., D.J. Weis, Johnson, Weis, Paulson & Priebe, Rhinelander, Wis., for defendants.

## DECISION and ORDER

TERENCE T. EVANS, District Judge.

This personal injury case, here because there is diversity jurisdiction, is before me on the motion for summary judgment of two non-profit corporate defendants, Headwater Trails, Inc. and the Sno Eagles Snowmobile Club. Sno Eagles is a snowmobiling club and Headwater is a snowmobile trail grooming organization. They operate in the Eagle River, Wisconsin, area. The accident in question occurred, according to the complaint, at a place where a snowmobile trail, which runs parallel to Wisconsin State Highway 70 in Vilas County, intersects with a private driveway.

Marlene Smith was injured in the accident when an automobile driven by Michelle Hafer struck her snowmobile while it was running on the trail. Smith has sued Hafer, Sno Eagles, Headwater, and their respective insurance companies, contending that each party's negligence was a substantial factor contributing to her damages. At the time of the accident, Smith was snowmobiling along the 2 East Trail which was drawn on a trail map, but was unmarked by signs. The trail was planned and constructed by Sno Eagles and groomed by Headwater; and according to them, it was not yet open to the public. Smith specifically alleges that Sno Eagles and Headwater were negligent in the maintenance of the trail, and in failing to mark the site of the Hafer driveway. Moreover, since the defendants assert that the 2 East Trail was not yet open, Smith argues that they were negligent in not so marking the trail.

Sno Eagles is a volunteer organization; its funds come from donations made by tourists and by local businesspersons who wish to encourage tourism. The bulk of organization funds are provided by local businesses. Similarly, Headwater Trails is a non-profit volunteer organization. It works with Sno Eagles, grooming the trails which Sno Eagles constructs. Headwater consists of representatives from five organizations: Sno Eagles, the Lions and Rotary Clubs of Eagle River, the Eagle River Chamber of Commerce, and the city of Eagle River itself. These organizations all contribute money to Headwater: the money collected is used to pay individuals who groom the snowmobile trails. Sno Eagles and Headwater are closely intertwined, and they share a purpose: to construct and groom snowmobile trails.

The land upon which Sno Eagles and Headwater build and groom snowmobile trails consists of government and private land. Sno Eagles secures permission from the landowners to construct trails across

their property. Sno Eagles then does whatever is physically necessary to create snowmobile trails on the property. Once the trail is constructed, signs are placed. After a trail is built and the signs placed, Headwater personnel groom it on a regular basis.

Although Headwater's function is to groom snowmobile trails, it engages in activities which could be defined as construction. These include the removal of tree stumps and bulldozing. The personnel of Sno Eagles and Headwater both engage in the placement of signs. The initial placement of signs is a Sno Eagles job, but when Headwater personnel are out grooming snowmobile trails they carry signs, and if they see a sign is missing they will replace it. Because of the close relationship of the two organizations and their complementary functions, I feel that they should be treated similarly under the law. If one is immune from liability under Wisconsin statutes, both should be. Therefore, my decision on this motion will apply to both defendants.

█ Sno Eagles and Headwater have moved for summary judgment based on § 895.52, Wis.Stats., or alternatively, § 29.-68, Wis.Stats. Section 29.68 was repealed by the Wisconsin Legislature effective May 15, 1984 and was replaced by § 895.52. Sno Eagles and Headwater contend that § 895.52 is applicable to this case, although they believe that they should be dismissed even if § 29.68 applies. Smith's accident occurred on December 30, 1983, prior to the effective date of § 895.52, Wis.Stats. Statutes are generally deemed to apply prospectively, unless there is an express statement to the contrary in the legislative history. *Gutter v. Seamandel*, 103 Wis.2d 1, 308 N.W.2d 403 (1981); *Hunter v. School District of Gale-Ettrick Trempealeau*, 97 Wis.2d 435, 443, 293 N.W.2d 515 (1980). The exception to the general rule is that a procedural or remedial statute is applied retroactively. *Gutter, id.* 103 Wis.2d at 17, 293 N.W.2d 515. This exception is qualified by a corollary which requires that where retroactive application of a statute

would deprive a party of a distinct vested right, it must be applied prospectively only. *Id.*

A tort cause of action arises at the time of the injury. The plaintiff's cause of action here arose on December 30, 1983, and her rights vested at that time. Even if I were to characterize § 895.52 as a remedial or a procedural statute, it could not be applied retroactively to the plaintiff because it would deprive her of her cause of action. *Hunter, id.*, 97 Wis.2d at 446–447, 293 N.W.2d 515.

█ Had § 895.52, Wis.Stats., been applicable to this case, I would have no difficulty in concluding that Sno Eagles and Headwater were not liable for Smith's injuries as a matter of law. As it stands, I believe that § 29.68, Wis.Stats., exempts these defendants from liability. Section 29.68 was passed in order to limit a landowner's liability for injuries incurred by persons who entered upon land for recreation. It was intended to further the recreational use of land by the general public. *LePoindevin v. Wilson*, 111 Wis.2d 116, 330 N.W.2d 555 (1983). Section 29.68 declares:

> (1) ... An owner, lessee, or occupant of premises owes no duty to keep the premises safe for entry or use by others for hunting ... snowmobiling ... or recreational purposes, or to give warning of any unsafe condition or use of or structure or activity on such premises to persons entering for such purpose except as provided in subdivision 3.

Subdivision 3 states:

> This section does not limit the liability which would otherwise exist for willful or malicious failure to guard or to warn against a dangerous condition....

Two questions remain for decision: whether Sno Eagles and Headwater come within the purview of § 29.68 as an owner, lessee, or occupant, and if so, whether there is any evidence of willful or malicious conduct, such that they could be liable in spite of being within § 29.68(1).

Section 29.68, Wis.Stats., does not define the terms owner, lessee, or occupant. It is therefore necessary to ascertain what the Legislature intended by examining the general meaning of these terms. Black's Law Dictionary defines an owner as "the person in whom is vested the ownership, dominion, or title of property." The term "owner" indicates an individual in whom one or more interests are vested for his own benefit. In contrast, a lessee is "one who rents property from another." It is clear that Sno Eagles and Headwater are not owners nor lessees within the general meanings of the terms. They do not hold title to the land on which they construct and groom trails, nor do they rent the land from the titled owners.

If the defendants are within the statute they must be within the definition of occupant. I have examined several definitions of the noun occupant. Black's Law Dictionary defines occupant as:

Person having possessory rights, who can control what goes on on premises. One who has actual use, possession or control of a thing.

Webster's Third New International Dictionary 1560 (G. & C. Merriam Co. 1976) provides a more varied menu of meanings for occupant:

a: one who takes first possession of something that has no owner and thereby acquires title by occupancy  b: one who takes possession under title, lease or tenancy at will  2a: one who occupies a particular place or premises ... b: one who holds a particular post ... 3: one who has actual use or possession of something....

The definition of the verb "to occupy" lends additional meaning to the noun occupant. One of the meanings of the verb "to occupy" is "actual use, possession, and cultivation." Black's Law Dictionary. Occupy and occupant include persons who, while not owners or tenants, have the actual use of land.

When construing statutes, courts must attempt to give meaning to every term used by the Legislature. *County of*

*Columbia v. Bylewski,* 94 Wis.2d 153, 164, 288 N.W.2d 129 (1980). The primary purpose of statutory construction is to determine the intent of the Legislature and to give meaning to that intent. *Id.* While "occupant" includes definitions of owner and lessee, it also means one who has the actual use of property without legal title, dominion or tenancy. In order to give meaning to "occupant", the term should be interpreted to encompass a resident of land who is more transient than either a lessee or an owner. Plaintiffs argue that "occupant" connotes exclusive use. This construction, however, would render the term "occupant" virtually meaningless, since exclusive possessors and users are usually owners or tenants.

Defendant Hafer, looking for contribution and joining the Smiths on this issue, argued that Sno Eagles and Headwater are properly characterized as licensees and that licensees are not named in § 29.68. Licensees are persons who enter upon land with the permission of the owner, but who enter for their own purposes. I agree that Sno Eagles and Headwater may be characterized as licensees; however, this status does not prevent them from also being classified as occupants. Sno Eagles and Headwater occupied the land to the extent of constructing and grooming snowmobile trails. Excluding these defendants from the purview of § 29.68 would thwart the statute's purpose.

In enacting § 29.68, the Wisconsin Legislature intended to limit the liability of landowners, lessees, and "occupants," who opened their land to the public without receiving valuable consideration in return. *See Goodson v. Racine,* 61 Wis.2d 554, 559, 213 N.W.2d 16 (1973). The Wisconsin Legislature's intention would not be furthered by excluding non-profit organizations such as Sno Eagles and Headwater from the purview of § 29.68. Moreover, to limit the definition of "occupant" to an exclusive user, an owner, or a lessee, would render the term redundant. I therefore hold that non-profit organizations such as Sno Eagles and Headwater which enter land for a

limited purpose, are occupants within the meaning of § 29.68, and that their liability is limited by that statutory section.

Finally, a question remains as to whether Sno Eagles and Headwaters' conduct may be construed as malicious or willful. The plaintiffs urge that a genuine issue of material fact exists as to the defendants' intent in failing to mark the 2 East Trail, and that a reasonable jury could find their conduct was willful. Section 29.68(3) does not limit liability for willful conduct. The plaintiffs further assert that they should be given the opportunity to amend their complaint to state a cause of action for willful misconduct, should the defendants be found to be occupants. I disagree with the plaintiffs' characterization of the facts. The complaint alleges that Sno Eagles and Headwater were negligent in the maintenance of the snowmobile trails and in their failure to adequately mark the trails with safety signs. No facts even remotely pointing to willful misconduct have been presented in the affidavits or the deposition testimony submitted in opposition to defendants' motions. Willful has been defined as

   ... a voluntary, conscious and intentional act, done *without reasonable cause,* ...

A willful act may also be described as one done intentionally, knowingly, and purposely, *without justifiable excuse,* as distinguished from an act done carelessly, thoughtlessly, heedlessly, or inadvertently.

*Monday v. United States,* 421 F.2d 1210, 1215 (7th Cir.1970), *cert. denied* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48. Sno Eagles and Headwaters' alleged actions in maintaining and marking snowmobile trails do not fall within the rubric of willfulness described by the United States Court of Appeals for the Seventh Circuit. The deposition testimony submitted by plaintiffs reflects, at most, simple negligence in failing to adequately mark the new 2 East Trail.

Therefore, the defendants' motions for summary judgment are GRANTED.

A conference call with the remaining parties is scheduled for March 11, 1986, at 8:30 a.m.