VOLLERT and wife, Plaintiffs and Respondents, v. CITY OF WISCONSIN RAPIDS, Defendant and Appellant: WOOD COUNTY, Defendant and Respondent.

*March 2—March 30, 1965.*

172

For the appellant there was a brief and oral argument by *Robert P. Bender* of Wisconsin Rapids.

For the respondents Walter and Hazel Vollert there was a brief by *Schmidt & Thibodeau* of Wisconsin Rapids, and oral argument by *Gregory P. Thibodeau.*

For the respondent Wood county there was a brief and oral argument by *Walter G. Wefel* of Wisconsin Rapids.

GORDON, J.

### *Is There Evidence to Support the Verdict?*

The record contains credible evidence to support the jury's finding that the city of Wisconsin Rapids was responsible for raising the grade. Mr. Vollert testified that it was an agent of the city who raised the catch basins in 1957, and he also testified that it was the same city employee who raised the manholes. Mr. Sullivan, the county highway commissioner, testified that county employees constructed the road based upon the "existing catch basins and manholes." In our view, the foregoing was sufficient to warrant the jury's determination of this factual dispute.

### *The New Defense Under the Statute.*

After the trial, the city urged that, as a matter of law, it could not raise the grade. In support of this contention, the city relies upon the terms of sec. 83.01 (7) (b), Stats., which provides that one of the duties of the county highway commissioner is to establish the grade. While we doubt that sec. 83.01 (7) (b), as a matter of law, would insulate a city from liability if it, in fact, had altered a grade, it is not necessary in the case at bar for us to adopt such interpretation in order to reject this argument by the city. This is because the matter was not raised during the trial. It is a new theory which was not made known to the court or to the other parties until after the verdict.

When the new defense was first raised, there was a colloquy in open court in which Judge BUNDE commented on the fact that during the trial the city's defense had been that it had nothing to do with the change in the grade. The city's counsel acknowledged, on the record, that this was the city's position. The judge went on to state, "Yes, and that was the theory that we tried the case on."

In *Harrington v. Downing* (1918), 166 Wis. 582, 166 N. W. 318, a defense was brought to the trial court's attention for the first time after the trial. The trial court rejected the new contention because it was not timely presented, and, in affirming, this court stated, at page 585:

"It was decided at an early date that matters of defense not brought forward and called to the attention of the court and opposing parties during the trial in some appropriate manner so that in the ultimate determination of the issues their influence might be given due consideration, are effectually waived, and thereafter they cannot be urged as grounds for a new trial or reversal in this court, . . ."

See also *Leora v. Minneapolis, St. P. & S. S. M. R. Co.* (1914), 156 Wis. 386, 146 N. W. 520, and *Congar v. Chamberlain* (1861), 14 Wis. 279 (*258).

*The Exclusion of Photographs.*

It is also urged by the city that the trial court erred in refusing to admit into evidence certain photographs offered as exhibits by the city. There was testimony by Mr. Vollert that Exhibits 5, 8, 10, 15, and 17 were not accurate representations of the scene as it existed during the period in dispute. The pictures were taken only a few days before trial, and the photographer acknowledged that he could not testify that the pictures portrayed the property as it had existed previously.

The trial court conducted an extensive inquiry into the matter of the admissibility of these pictures, and its conclusion to deny admissibility was well within its discretion. *Commerce Ins. Co. v. Badger Paint & Hardware Stores* (1953), 265 Wis. 174, 60 N. W. (2d) 742; *Cottrill v. Pinkerton* (1933), 211 Wis. 310, 248 N. W. 124; *Baraboo v. Excelsior Creamery Co.* (1920), 171 Wis. 242, 177 N. W. 36; *Mauch v. Hartford* (1901), 112 Wis. 40, 87 N. W. 816. An example of a case in which photographs were held to contain misrepresentations is *Hadrian v. Milwaukee Electric Railway & Transport Co.* (1942), 241 Wis. 122, 130, 1 N. W. (2d) 755, 3 N. W. (2d) 700, 5 N. W. (2d) 765.

In an article on the subject of demonstrative evidence appearing in 32 Wisconsin Bar Bulletin (February, 1959), p. 17, the writer of this opinion made the following comment:

"A photograph is not necessarily a true representation of what it purports to depict and, therefore, it is essential upon objection that the proponent of the evidence satisfy the trial judge as to the fairness of the representation."

*Timeliness of the Action.*

The appellant also contends that the Vollerts' suit was not timely under sec. 62.25 (1) (e), Stats. The appellant claims that the instant suit was not commenced until July 1, 1963, long after the six months' period set by the aforesaid statute.

However, the city erred in not serving a notice of disallowance, as required in sec. 62.25 (1) (c), Stats., and, therefore, the six months' period was not operative. Subsection (c) of this statute expressly provides: "The clerk shall cause to be served on the claimant notice of any disallowance. . . ." It goes on to provide that the notice shall be served by a police officer "in the manner of service of summons in justice court." No such notice was given to Mr. or Mrs. Vollert.

The city contends that the plaintiffs received the equivalent thereof when, on February 16, 1962, Mr. Vollert was informed at a meeting of a council committee that there was "nothing that the city can do at this time." The statute is explicit as to the manner in which notice of disallowance is to be given. At most, Mr. Vollert was made aware that a *committee* of the council declined to grant his claim. This is not equivalent to the disallowance of the claim by the common council. The committee's report was, in fact, subsequently adopted by the common council, but the record does not show that the common council's action was communicated to the plaintiffs, let alone *served* on them, as the statute expressly requires.

*By the Court.*—Judgment affirmed.