VEITH, Appellant, v. JOINT SCHOOL DISTRICT NO. 6 OF THE CITY OF FORT ATKINSON and others, Respondents.*

*No. 3. Argued March 27, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 714.)

* Motion for rehearing denied, with costs, on June 30, 1972.

For the appellant there were briefs by *Richard L. Cates, Bruce F. Ehlke,* and *Lawton & Cates,* all of Madison, and oral argument by *Richard L. Cates.*

For the respondents there was a brief by *Joseph A. Melli, James K. Ruhly,* and *Melli, Shiels, Walker & Pease,* all of Madison, and oral argument by *Joseph A. Melli.*

HALLOWS, C. J. This case arises out of a labor dispute. Veith had been employed as a teacher by the defendant school district since the 1961–1962 school year. He was a member of the bargaining union represented by the Fort Atkinson Education Association, Inc. (FEA). Negotiations for the 1969–1970 collective-bargaining contract between FEA and the board of education of the school district began on November 27, 1968, but were not concluded until July, 1969. The existing contract, which was due to expire on August 25, 1969, provided in article I (E) (6), "If negotiations are not completed by March 15, the board of education will apply the continuing contract law (118.22 (2) (3)) [1] by not issuing a notice of renewal of contract." The school district did not issue a notice of renewal to any of the teachers nor did it prior to

[1] "118.22 **Renewal of teacher contracts.** . . .

"(2) On or before March 15 of the school year during which a teacher holds a contract, the board . . . shall give the teacher written notice of renewal or refusal to renew his contract for the ensuing school year. If no such notice is given on or before March 15, the contract then in force shall continue for the ensuing school year. A teacher who receives a notice of renewal of contract for the ensuing school year, or a teacher who does not receive a notice of renewal or refusal to renew his contract for the ensuing school year on or before March 15, shall accept or reject in writing such contract not later than the following April 15. . . ."

March 15th notify the teachers their contracts would not be renewed. On April 8th, FEA affirmed its members' intention to accept 1969-1970 contracts which included terms negotiated by FEA on their behalf. The board replied to FEA that each teacher had a duty under sec. 118.22, Stats., to accept his own contract not later than April 15th. On April 11, 1969, Veith and about 150 other teachers each sent a "letter of intent" to the school board wherein each stated he intended to accept a contract which would be subject to the terms of the collective-bargaining agreement being negotiated by FEA and the board.[2] The school board replied to the teachers that it did not consider the letters of intent to constitute compliance with their contract or with the state law and included a form of acceptance which provided merely that the undersigned accept the renewal of the present contract of the teacher. These forms were not used by the teachers. Thus the issue was created whether the teachers were bound by their contract and the law to accept a contract on April 15th which did not automatically provide for the benefits of the then pending labor negotiations. If the school board were correct in its view, the teachers would be placed in an unequal bargaining position with the school board.

Thus on May 28, 1969, Veith was notified that because he had not accepted his contract his position was vacant. Veith replied and reaffirmed his intention to sign "a contract upon satisfactory agreement of a nego-

---

[2] "Gentlemen:

"I hereby give notice of my intent to accept a teacher contract for the School Year 1969-70. The terms of such contract including those involving wages, hours, and conditions of employment will be those established by written policies of the Board of Education . . . now existing as well as the Collective Bargaining Agreement hereafter entered into by the Fort Atkinson Education Association, Inc., and the Board of Education, which by its terms is applicable to such School Year."

tiated settlement." On June 19, 1969, the school board filled Veith's position by hiring another teacher. During July the school board reached an agreement with FEA and in August the contracts were offered to the teachers with the exception of Veith and two teachers who had been replaced and had found jobs outside the defendant district's schools.

The trial court found the "letter of intent" was insufficient to meet the unambiguous requirement of sec. 118.22 (2), Stats., there was no ambiguity in the language of the statute or of article I (E) (6) of the contract, and thus any resort to past-bargaining history of the contract was unnecessary. The court also ruled the requirement of sec. 118.22 (2) that a teacher, who did not receive a notice of renewal of or a refusal to renew his contract on or before March 15th, must accept in writing the current contract for the following school year not later than April 15th was not in conflict with sec. 111.70, and did not prevent municipal employees from continuing to bargain.

However, we do not reach these interesting issues because we are of the opinion the plaintiff was not entitled to raise them or to maintain this suit because he had not filed a claim with the school district as is required by sec. 118.26, Stats.[3] This section for the purpose of this issue is identical with sec. 62.25 (1) concerning notice of claims against cities. In *Schwartz v. Milwaukee* (1969), 43 Wis. 2d 119, 168 N. W. 2d 107, this court held that compliance with sec. 62.25 was

---

[3] "118.26 Claim against school district. An action upon any claim shall not be maintained against a school district until the claim has been presented to the school board of the district and disallowed in whole or in part. Failure of the school board to allow the claim within 60 days after it is filed with the school district clerk is a disallowance. . . . No action on a claim may be brought after 6 months from the date of service of the notice of disallowance."

a condition precedent to any recovery and that if the claim had not been filed prior to the time the issue is raised in the action, it should be dismissed. Veith argues he has complied with sec. 118.26 because on July 10, 1969, FEA filed on his behalf with the school board a notice of claim. This notice of claim is entitled "Grievance Report" and sets forth the current collective-bargaining agreement, its provisions for professional negotiation, the facts relating to this labor dispute, that the school board on July 10th had declared Veith had failed to properly accept in writing a teacher's contract and had thus vacated his teaching position, and that the board had replaced these teachers and new contracts would not be offered them for the 1969–1970 school year. The notice claims the action by the school board constituted a breach of the current collective-bargaining agreement, setting forth six grounds for that conclusion. The remedy requested, however, was not damages for loss of wages or of reputation but reinstatement in their jobs; FEA requested the school board to offer the individual teachers a contract for the 1969–1970 school year "on the same terms and conditions as would have been offered to such individual grievants if they had not been so improperly replaced." While this notice would be sufficient in a suit for specific performance for the purpose of being rehired, the grievance report does not comply with the notice of claim for money damages required by sec. 118.26.

In *Sambs v. Nowak* (1970), 47 Wis. 2d 158, 177 N. W. 2d 144, this court in construing sec. 62.25, Stats., stated the condition precedent required by *Schwartz v. Milwaukee, supra,* was satisfied only by the filing and the rejection of a proper notice of claim and a proper notice of claim had to contain the amount of money demanded by the claimant. After the failure of the school board to give Veith his job back under the grievance

report, he should have filed a claim for a definite amount of damages resulting from alleged wrongful discharge. While Veith claims the school board welcomed a suit to test its position in the labor dispute, no claim is made the school board waived the requirement of sec. 118.26, which provides "No action on a claim may be brought after 6 months from the date of service of the notice of disallowance."

Nor is there merit to the argument the original complaint satisfied sec. 118.26, Stats., because it contained a demand in terms of dollars. In order to maintain this action, it should be preceded by a notice of claim for a definite amount of money and a disallowance. To consider the complaint a claim would emasculate the section requiring the filing of such a claim. The trial court was correct in granting summary judgment on the ground the plaintiff had not complied with the condition precedent to maintaining this action.

*By the Court.*—Judgment affirmed.