Floyd R. GUTTER and Bobbie B. Gutter,
Plaintiffs-Appellants-Petitioners,

v.

John R. SEAMANDEL and City of Milwaukee, a municipal
corporation, Defendants-Respondents.

Supreme Court

*No. 80–1168. Argued June 2, 1981.—Decided June 30, 1981.*

(Also reported in 308 N.W.2d 403.)

1

For the petitioners there were briefs by *James W. McCann* and *Law Offices of Alvin H. Eisenberg, S.C.*, of Milwaukee, and oral argument by *Mr. McCann*.

For the respondents the cause was argued by *Gregg J. Gunta*, assistant city attorney, with whom on the brief was *James B. Brennan*, city attorney, both of Milwaukee.

SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished decision of the court of appeals filed October 16, 1980, affirming the judgment of the circuit court for Milwaukee County, Laurence C. Gram, Jr., Circuit Judge.

The question on review is whether the plaintiffs, Floyd and Bobbie Gutter, complied with the applicable statutes to maintain a tort action against the the defendants City of Milwaukee and John R. Seamandel, a City of Milwaukee police officer. The circuit court granted summary judgment in favor of both defendants holding that neither plaintiff could maintain an action because each failed to present a claim against the city demanding a specific dollar amount. The court of appeals summarily affirmed, sec. (Rule) 809.21, Stats. 1979–80, the judgment of the circuit court. We reverse the decision of the court of appeals as to plaintiff Floyd R. Gutter; we reverse the decision of the court of appeals as it relates to Bobbie Gutter's cause of action against the city employee; and we affirm the decision of the court of appeals as it relates to Bobbie Gutter's cause of action against the city.

## I.

We begin by reciting the relevant facts. The action arises from a December 23, 1976, collision between two automobiles, one driven by the plaintiff Floyd R. Gutter,

the other by the defendant John R. Seamandel, a police officer. One week later, on December 30, 1976, counsel for plaintiff Floyd Gutter sent the following letter to the city clerk for the City of Milwaukee:

"December 30, 1976

"City Clerk
City of Milwaukee
City Hall
200 East Wells Street
Milwaukee, Wisconsin 53202

"Re: Our Client  : Floyd R. Gutter
      Your Insured : City of Milwaukee Police Dept.
"Date of Acc.    : 12/23/76
"Place of Acc.   : N. 27th Street and W. Hopkins Street, Milwaukee, Wisconsin

"Gentlemen:

"This is to advise you that I have been retained by the above named party for the purpose of collecting the damages which were sustained as a result of the accident on the above date, at the above location. This accident was caused by the negligence of your insured.

"This is also to advise you of my attorney lien rights as prescribed by the Statutes of the State of Wisconsin, and by means of a written contract signed by the above named client.

"Do not construe this letter as a threat of litigation. For further questions concerning the above, feel free to contact me.

> "Sincerely yours,
> "LAW OFFICES OF ALVIN H. EISENBERG, S.C.
> "/s/ Alvin H. Eisenberg

"AHE:wh
"Approved: /s/ Floyd R. Gutter
"P.S. Our demand at this time is $25,000.00 for the injuries and property damage resulting from this accident."

The following correspondence ensued between the parties or their agents subsequent to the December 30 letter.

On January 7, 1977, the city attorney's office wrote to the Underwriters Adjusting Company, a claims adjuster under contract with the City of Milwaukee, forwarding the correspondence relating to the accident in regard to Floyd Gutter and Gutter's passenger (who is not involved in this review). On January 24, 1977, Underwriters wrote plaintiffs' attorney acknowledging receipt of "your letter of retainer dated December 30, 1976, directed to the City of Milwaukee." The letter requested plaintiffs' attorney to contact the adjuster to discuss the matter.

On February 15, 1977, two documents, both entitled "Notice of Claim and Demand for Damages," were served upon the Milwaukee city clerk, one naming Floyd Gutter as claimant; and the other naming Bobbie Gutter as claimant. Each document described the accident and each stated that the claimant had been damaged in excess of $25,000.00. Bobbie Gutter, the wife of Floyd Gutter, claimed loss of society. On February 16, 1977, the Milwaukee city attorney's office forwarded these notices to Underwriters for its consideration. By letter dated December 8, 1977, referring specifically to Floyd Gutter's claim and that of another individual not involved in this review, Underwriters advised plaintiffs' attorneys that the Milwaukee city attorney's office had instructed Underwriters that the city attorney's office would thereafter negotiate with all claimants' attorneys. Underwriters requested plaintiffs' counsel to "write to the city attorney's office outlining the substance of reports and special damages regarding your client. The file will then be assigned to one of the city attorneys in the Claims Section, who will then get in touch with you for further discussion."

On December 21, 1977, plaintiffs' attorney sent a demand letter addressed to the Milwaukee city attorney's office on behalf of Floyd R. Gutter. That letter set forth the facts of the accident, the personal injuries suffered and the special damages. The letter demanded $14,602.02 on Floyd R. Gutter's behalf.

On December 21, 1979, the plaintiffs commenced this action and on February 22, 1980, the city filed a motion for summary judgment which was granted.[1]

We shall consider three issues which are raised on this review: (1) Should the complaint against the city be dismissed on the ground that the plaintiffs failed to present their claims to the city as required by the statutes? (2) Should the complaint against the individual defendant be dismissed on the ground that plaintiffs failed to present their claims to the city as required by the statutes? and (3) Should the complaint against the city be dismissed on the ground that the action was not commenced within the time required by statute?

## II.

The circuit court and the court of appeals dismissed the complaint on the ground that the plaintiffs failed to present their claims to the city as required by secs. 345.05 and 62.25, Stats. 1975.

Sec. 345.05, Stats. 1975, is entitled "State and Municipal Liability for Motor Vehicle Accidents." Subsection

---

[1] The issue of the legal effect of the plaintiffs' purported presentation of claims may properly be raised by a motion to dismiss, sec. 802.06(3), Stats., *Armes v. Kenosha County*, 81 Wis.2d 309, 313–314, n. 5, 250 N.W.2d 515 (1977), or by a motion for summary judgment, "where, as here there is no disputed question of fact that would be material on the issue of the construction of a written document." *Pattermann v. Whitewater*, 32 Wis.2d 350, 359, 145 N.W.2d 705 (1966). *See also Sambs v. Nowak*, 47 Wis.2d 158, 164, 177 N.W.2d 144 (1970); *Coleman v. Merrill Lynch, Pierce, Fenner & Smith*, 80 Wis.2d 311, 316, 259 N.W.2d 66 (1977).

(3) (c), governing the manner and form of and the place for filing claims against a city, provides as follows:

"(3) The manner and form of and the place for filing claims shall be:

". . .

"(c) If against any city, as provided in s. 62.25, with the city clerk."

The referenced sec. 62.25, Stats. 1975, is part of chapter 62, Stats. 1975, relating to cities, and the section is entitled "Claims and Actions." Sec. 62.25(1)(a) appears to be a provision to which sec. 345.05(3)(c) might be referring. Sec. 62.25(1)(a), Stats. 1975, states:

"(1) CLAIMS. (a) No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part. Failure of the council to pass upon the claim within 90 days after presentation is a disallowance."[2]

We consider first whether plaintiff Floyd Gutter has, by any document described above, presented a proper claim to the city. We begin by looking at the December 30, 1976, letter.

The December 30, 1976, letter was addressed to the city clerk as required by sec. 345.05(3)(c). While the December 30, 1976, letter did not state Floyd Gutter's address, it did include his attorney's address. Sec. 62.25 (1)(c), Stats. 1975, presumes that the claimant will

---

[2] Sec. 62.12(8)(a), Stats. 1975, which relates to city finances makes provision for claims against the city as follows:

"(8) CLAIMS. (a) All claims and demands against the city shall be itemized and filed with the clerk, who shall deliver the same to the comptroller for examination. The comptroller shall within 30 days thereafter examine such claim or demand and return the same to the clerk with his report thereon in writing, who shall place the same before the council for action at its next meeting."

state his or her address in the claim. The inclusion of the attorney's address, however, constitutes substantial compliance with sec. 62.25(1)(c) and entitles the claimants to service of a notice of disallowance. *Cf. Novak v. Delavan,* 31 Wis.2d 200, 210, 143 N.W.2d 6 (1966).

The December 30, 1976, letter also stated the date and location of the accident, the parties involved, the ground on which the claim was founded, and a demand "at this time . . . [for] $25,000.00 for the injuries and property damage resulting from this accident." The circuit court and court of appeals apparently concluded that the December 30, 1976, letter failed to state a specific dollar amount for the injuries and was therefore fatally defective.[3]

This court has in numerous cases held that implicit in the claim statute is the requirement that a claim set forth a specific dollar amount. This court has reasoned that the purpose of the statute requiring claims to be presented to the municipality is to afford the municipality an opportunity to compromise the claim and settle it without a costly and expensive lawsuit. This purpose, we have said, cannot be served unless the claim presented demands a specific sum of money. *Veith v. Joint School District No. 6,* 54 Wis.2d 501, 506, 507, 196 N.W.2d 714 (1972) (no dollar amount stated; claim held defective); *Sambs v. Nowak,* 47 Wis.2d 158, 166, 177 N.W.2d 144 (1970) (no dollar amount stated; claim held defective); *Schwartz v. City of Milwaukee,* 43 Wis.2d 119, 124, 168 N.W.2d 107 (1969) (demand stating a specific amount which was in excess of the $25,000 statutory limit, claim held valid); *Colburn v. Ozaukee County,* 39 Wis.2d 231, 237–239, 159 N.W.2d 33 (1967) (demand stating two

---

[3] The documents of February 15, 1977, stated the damage as "in excess of $25,000." For discussion that this language does not constitute a specific amount, *see* pp. 12, 13 *infra.* The December 21, 1977, demand letter stated a specific amount but was sent to the city attorney, not the city clerk.

claims, one "to" the amount of $50,000 and the other "up to" the amount of $15,000; claim held defective) ; *Pattermann v. City of Whitewater*, 32 Wis.2d 350, 354, 358, 145 N.W.2d 705 (1966) (demand stating that "the exact amount . . . [has] not been determined at this date, but in no event would they exceed the . . . ($25,000.00) Dollars Statutory limitation;" claim held defective).

The phrase "at this time" in the December 30 letter is troublesome because it is equivocal. The inclusion of the phrase "at this time" before the statement of the specific amount might be read to mean that a mere estimate has been stated and that a sum certain would be demanded at a later time. The phrase can also be read to mean "on this date" or to state nothing more than the possibility that exists in any statement of demand, namely, that the claimant is willing to negotiate. We observe that the December 30 letter was written one week after the accident. It might well have been intended as a "notice of injury" rather than as a presentation of a claim; on December 30, 1976, the extent of the damage and injury probably was not known. One letter, however, can serve as both a notice of injury and as a claim.[4]

In order to determine whether the words "at this time" render the December 30 letter an invalid claim, we are guided by two principles: (1) the statement of the demand must be definite enough to fulfill the purpose

---

[4] In order to maintain an action against the city, plaintiffs were required under sec. 895.43 (1), Stats. 1975, to file a notice of injury. The notice of injury, sec. 895.43 (1), Stats. 1975, and the presentation of a claim, sec. 62.25, Stats. 1975, are separate requirements, although the requirements of each may be set forth on a single document. *See Schwartz v. Milwaukee*, 43 Wis.2d 119, 125, 168 N.W.2d 107 (1969). The parties do not dispute that plaintiffs complied with the notice of injury requirement.

of the claim statute; and (2) "in looking at the requirements of the statute '[a] construction which preserves a *bona fide* claim so that it may be passed upon by a competent tribunal is to be preferred to a construction which cuts it off without a trial.'" *Sambs v. Nowak,* 47 Wis.2d 158, 166, 177 N.W.2d 144 (1970), quoting *Moyer v. Oshkosh,* 151 Wis. 586, 593, 139 N.W. 378 (1913). With these principles in mind, we conclude that the phrase "at this time" does not render the document an insufficient claim. Our conclusion "conforms to the policy of this court to preserve a *bona fide* claim where there has been substantial compliance with a statute requiring notice." *Novak v. Delavan,* 31 Wis.2d 200, 211, 143 N.W.2d 6 (1966). Nevertheless we recommend that hereafter counsel not use any ambiguous phrasing in setting forth the sum demanded if counsel wish the demand to be viewed as a claim which complies with the statute.

While we hold plaintiff Floyd Gutter's claim sufficient, we conclude that plaintiff Bobbie Gutter did not present a sufficient claim to the city. Bobbie Gutter's claim for loss of consortium, derivative in the sense it was occasioned by an injury to her husband, is her separate cause of action for injury to her. *Wangen v. Ford Motor Co.,* 97 Wis.2d 260, 316, 294 N.W.2d 437 (1980); *Peeples v. Sargent,* 77 Wis.2d 612, 643, 253 N.W.2d 459 (1977); *Schwartz v. Milwaukee,* 54 Wis.2d 286, 293, 195 N.W.2d 480 (1972). In order for her to maintain her cause of action, she, as well as her husband, must comply with secs. 62.25 and 345.05, Stats. 1975. Her separate compliance is necessary to fulfill the statutory purpose of affording the municipality an opportunity to compromise and settle her claim without litigation.

None of the communications described previously shows that Bobbie Gutter substantially complied with

secs. 62.25 and 345.05, Stats. 1975. The December 30, 1976 letter refers only to Floyd Gutter, as does the December 21, 1977 letter. Neither communication mentions that he is married. Thus neither could conceivably be construed to provide notice of claim required for her to maintain her action. The only document of record which refers to Bobbie Gutter and which might arguably suffice as a claim is the document entitled "Notice of Claim and Demand for Damages" served on the city clerk's office on February 15, 1977. This document was served on the city clerk, describes the accident and claim, and includes Bobbie Gutter's address. It fails, however, to set forth a demand for a specific dollar amount. The only statement which refers to the claimant's damages reads as follows:

". . . claimant has been damaged in excess of Twenty-five Thousand ($25,000.00) Dollars. That satisfaction is claimed therefor of the City of Milwaukee in excess of Twenty-five Thousand ($25,000.00) Dollars."

We have previously held that a document purporting to be a claim which states only that "damages would not exceed the $25,000 statutory limitation" failed to state a specific dollar amount. *Pattermann v. City of Whitewater*, 32 Wis.2d 350, 358–359, 145 N.W.2d 705 (1966). We reached the same result when the document claimed damages "to" the amount of fifty thousand dollars on behalf of an injured minor and "up to" fifteen thousand dollars on behalf of the minor's parents. *Colburn v. Ozaukee County*, 39 Wis.2d 231, 237–239, 159 N.W.2d 331 (1967). These cases involved an amount apparently stated as a maximum figure rather than a sum certain. This case involves an amount stated as a minimum figure and thus is even less definite than the statements held insufficient in *Pattermann* and *Colburn*. We hold that

a statement for damages "in excess" of a named figure does not state a specific dollar amount. That the document is entitled in part a demand for damages does not alter the result; "the title description cannot convert what otherwise is a notice of injury into a claim in the sense in which 'claim' is used in sec. 62.25." *Pattermann, supra,* 32 Wis.2d at 359. We therefore reverse the court of appeals' dismissal of Floyd Gutter's complaint against the city and affirm the court of appeals' dismissal of Bobbie Gutter's complaint against the city.

## III.

Plaintiffs contend that the circuit court and court of appeals erred in dismissing their action against the driver of the car, John R. Seamandel, an employee of the city. Neither the circuit court nor the court of appeals explained the rationale for its decision dismissing the action against the defendant city employee in his individual capacity. Apparently both courts reasoned that the plaintiffs' failure to present proper claims to the city relieved the individual defendant from liability.

The plaintiffs assert that the statutes in effect as of the date of the injury did not require that a claim be presented to the city as a prerequisite to commencing action against the city employee. Sec. 895.43(1), Stats. 1975, provided that no action shall be maintained against a city employee unless a notice of injury be served on the employee.[5] Secs 895.43(1), 62.25 and 345.05, Stats.

[5] Sec. 895.43(1), Stats. 1975, provided as follows:

"895.43  **Tort actions against political corporations, governmental subdivisions or agencies and officers, agents or employes; notice of injury; limitation of damages and suits.**  (1) No action founded on tort, except as provided in s. 345.05, shall be maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against

1975, read together, provided that no action shall be maintained against the city unless a notice of injury was served on the city and a claim was presented to the city clerk. The parties concede that the notice of injury requirement of sec. 895.43(1), Stats. 1975, was fulfilled. Plaintiffs maintain that inasmuch as none of these statutes required the plaintiffs to present a claim to the city clerk in order to maintain an action against the city employee, the action against the defendant city employee should not have been dismissed. *Shannon v. Milwaukee,* 94 Wis.2d 364, 369, 289 N.W.2d 564 (1980).

The defendant city employee asserts that the applicable statutes are not those in effect as of the date of injury but those in effect on the date of commencement of the action. The defendant city employee asserts that on May 8, 1978, the legislature enacted ch. 285 of the Laws of 1977, repealing and recreating secs. 62.25(1), 345.05 (3)(b)–(g) and 895.43(1), Stats. 1975, effective November 8, 1978. Thus, as of November 8, 1978, the effective date of the repeal and recreation of sec. 62.25(1), that section read as follows:

any officer, official, agent or employe of such corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment unless within 120 days after the happening of the event causing the injury or damage or death complained of, written notice of the time, place and circumstances of the injury or damage signed by the party, agent or attorney is served on such volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employe under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the damage or injury and the injured party shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employe."

This section can be read to require that the notice of injury prerequisite be satisfied as to both the employee and governmental unit if action is brought against either one.

"62.25 **Claims and actions.** (1) CLAIMS. No action may be brought or maintained against a city upon a claim or cause of action unless the claimant complies with s. 895.43."

Compare sec. 62.25 (1) (a), Stats. 1975, quoted at p. 8, *supra.*

As of November 8, 1978, the effective date of the repeal and recreation of sec. 345.05 (3) (b)–(g), sec. 345.-05 (3) read as follows:

"(3) The manner and form of and the place for filing claims shall be:

"(a) If against the state, as provided in s. 16.53 (8), with the department of administration.

"(b) If against any municipality, as provided in s. 895.43, except the limitations of s. 895.43 (3) shall be inapplicable."

Compare sec. 345.05 (3) (c), Stats. 1975, quoted at p. 8, *supra.*

As of November 8, 1978, the effective date of the repeal and recreation of sec. 895.43, sec. 895.43 (1) read as follows:

"895.43 **Claims against political corporations, governmental subdivisions or agencies and officers, agents or employes; notice of injury; limitation of damages and suits.** (1) No action may be brought or maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employe of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

"(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employe under s. 801.11. Failure to give the requisite notice shall not bar action

on the claim if the fire company, corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employe; and

"(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant fire company, corporation, subdivision or agency and the claim is disallowed. Failure of the appropriate body to disallow within 120 days after presentation is a disallowance. Notice of disallowance shall be served on the claimant by registered or certified mail and the receipt therefor, signed by the claimant, or the returned registered letter, shall be proof of service. No action on a claim against any defendant fire company, corporation, subdivision or agency nor against any defendant officer, official, agent or employe, may be brought after 6 months from the date of service of the notice, and the notice shall contain a statement to that effect."

Compare sec. 895.43(1), Stats. 1975, printed at note 5 *supra*.

Defendant city employee contends that sec. 895.43(1) (b), Stats. 1977, effective November 8, 1978, quoted above, is applicable to the case at bar and that neither plaintiff having presented a claim as required by that section can bring or maintain this action.

Sec. 895.43(1)(b), Stats, 1977, requires that whether the action be against a governmental unit or against the individual officer, the claim be presented to the clerk and the claim be disallowed. For a discussion of the prior law, *see Shannon v. Milwaukee*, 94 Wis.2d 364, 289 N.W.2d 564 (1980). The claim should (1) contain the address of the claimant; (2) contain an itemized statement of the relief sought; (3) be presented to the clerk of the city; and (4) be disallowed. Sec. 895.43(1)

(b), Stats. 1977, unlike sec. 895.45, Stats. 1977, which relates to actions against state employees, does not specify that the claim include the name of the officer involved. *See Mannino v. Davenport,* 99 Wis.2d 602, 299 N.W.2d 823 (1981). None of plaintiffs' correspondence described earlier designates the individual employee.

We conclude that sec. 895.43(1), Stats. 1977, which took effect November 8, 1978, does not apply to plaintiffs' causes of action which arose from an automobile accident which occurred on December 23, 1976, almost two years before the effective date of the new statute.

The general rule of statutory construction is that statutes are to be construed as relating to future and not to past acts. There is an exception to this rule: if a statute is procedural or remedial, rather than substantive, the statute is generally given retroactive application. The exception to the rule also has a qualification, namely that the retroactive application must not disturb contracts or vested rights. The rule and its exception and qualification were set forth by the court in *Steffen v. Little,* 2 Wis.2d 350, 357, 358, 86 N.W.2d 622 (1957):

"While statutes in general are construed prospectively the rule is otherwise with statutes whose operation is procedural or remedial. In *State ex rel. Davis & Starr Lumber Co. v. Pors* (1900), 107 Wis. 420, 427, 83 N.W. 706, we quoted Chancellor Kent as follows:
" 'This doctrine [prospective construction of statutes only] is not understood to apply to remedial statutes, which may be of a retrospective nature, provided that they do not impair contracts or disturb absolute vested rights, and only go to confirm rights already existing and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations.'
"In *Pawlowski v. Eskofski* (1932), 209 Wis. 189, 192, 244 N.W. 611, we said: 'It is true as a general rule that

statutes that are remedial only are retroactive, . . .' In *State ex rel. Schmidt v. District No. 2* (1941), 237 Wis. 186, 190, 295 N.W. 36, we said: '. . . it is a fundamental rule of statutory construction that a retroactive operation is not to be given so as to impair an existing right or obligation *otherwise than in matters of procedure,* unless that effect cannot be avoided without doing violence to the language of the enactment.' (Emphasis supplied.)"

*See also: Shaurette v. Capitol Erecting Co.,* 23 Wis.2d 538, 545, 128 N.W.2d 34 (1964); *Mosing v. Hagen,* 33 Wis.2d 636, 641, 148 N.W.2d 93 (1967); *Hasselstrom v. Rex Chainbelt,* 50 Wis.2d 487, 497–498, 184 N.W.2d 902 (1971); *State v. ILHR Department,* 101 Wis.2d 396, 304 N.W.2d 758 (1981).

The requirement contained in sec. 895.43(1)(b) that the claim be presented to the city and disallowed by the city prior to suit against the city employee may be viewed as procedural. This provision of sec. 895.43(1)(b) does not lengthen or shorten any time period within which the claimant has an obligation to act or respond. Another provision of sec. 895.43(1)(b) does, however, add a new statute of limitations to a suit against the city employee. Sec. 895.43(1)(b) provides that no action against the employee may be brought after six months from the date of service by the city of the notice of disallowance. This court has previously held that in the absence of express language in a statute which imposes a new statute of limitations stating that the statute has retroactive effect and in the absence of any legislative intent that a new statute of limitations be applied retroactively to a cause of action that accrued prior to the effective date of the statute, this court would not apply the new statute of limitations to causes of action accruing prior to the effective date of the statute. *Hunter v. School Dt. Gale-Ettrick-Trempealeau,* 97 Wis.2d 435, 445, 293 N.W.2d 515 (1980). Following *Hunter* we would

hold that the new six months' statute of limitations in sec. 895.43(1)(b) is not applicable to the plaintiffs.

We have been given no reason—and we can find none —to read certain sentences of sec. 895.43(1)(b) as applicable retroactively and other sentences of sec. 895.-43(1)(b) as applicable prospectively. We therefore conclude that sec. 895.43(1)(b), Stats. 1977, is not applicable to the plaintiffs in the circumstances of this case and that the plaintiffs' causes of action against the city employee should not have been dismissed.

## IV.

We next turn to a defense raised on review by defendant City of Milwaukee which was not presented to the circuit court or court of appeals.[6] The city argues that this action against the city is barred as to both plaintiffs by the six-month statute of limitations set forth in sec. 345.05(4), Stats. 1975, which provides:

"(4) Failure of the governing body to pass upon the claim within 90 days after presentation constitutes a disallowance. *Disallowance by the governing body bars any action founded on the claim unless brought within 6 months after disallowance.* Actions against the state and payment of the amount recovered shall be as provided in ss. 285.01 and 285.04. For the purposes of this section, judgments against municipalities shall be certified, filed and collected as provided in s. 66.09 whether named therein or not." (Emphasis supplied.)

The city's argument is that even if plaintiffs' last letter, dated December 21, 1977, is deemed to be a valid presentation of the claims, the city council, having

---

[6] We do not decide whether the city has waived or is estopped from asserting this defense at this late stage of the case. *See, e.g., Veith v. Joint School District No. 6*, 54 Wis.2d 501, 507, 196 N.W.2d 714 (1972). *Cf. Mannino v. Davenport*, 99 Wis.2d 602, 612–614, 299 N.W.2d 823 (1981).

failed to pass upon the claims within 90 days after presentation, is deemed to have disallowed the claims on the 90th day after presentation. According to this argument the city's disallowance occurred in March 1977. This action was not started until December 21, 1979. The city contends the action is barred under sec. 345.-05(4), Stats. 1975, regardless of whether or not proper claims were filed, because the action was not brought within six months after the date of disallowance.

Plaintiffs maintain that whether the action was commenced timely is determined pursuant to sec. 62.25(1) (e), Stats. 1975, because sec. 345.05(3)(c), Stats. 1975, provides that claims against the city shall be filed with the city clerk in the manner, form and place for filing claims as provided in sec. 62.25, Stats. 1975. Sec. 62.25(1)(a) and (e), Stats. 1975, provide *inter alia:*

"(a) . . . Failure of the council to pass upon the claim within 90 days after presentation is a disallowance.

" . . .

"(e) *Disallowance by the council shall bar any action founded on the claim unless brought within 6 months after service of notice of disallowance,* or after disallowance if the address was not furnished as aforesaid." (Emphasis added.)

Plaintiffs further contend that they furnished their address, that the city failed to serve notice of disallowance as required, and that having adhered to sec. 62.25, Stats. 1975, they were not required to commence the action within six months after disallowance. *Novak v. Delavan,* 31 Wis.2d 200, 210–211, 143 N.W.2d 6 (1966); *Vollert v. Wisconsin Rapids,* 27 Wis.2d 171, 176, 133 N.W.2d 786 (1965).

The issue then is whether sec. 345.05(4) or sec. 62.25 (1)(e), Stats. 1975, is applicable to the instant case.[7]

[7] Sec. 62.25(1)(e), Stats. 1975, was repealed by ch. 285, Laws of 1977, effective November 8, 1978. Sec. 345.05, Stats. 1975, was re-

We are persuaded that plaintiffs' interpretation of secs. 345.05 and 62.25, Stats. 1975, is correct.

Sec. 345.05, Stats. 1975, entitled "State and Municipal Liability for Motor Vehicle Accidents" sets forth a general statutory framework for the filing and processing of claims for damages against the state and municipalities proximately resulting from the negligent operation of a motor vehicle owned and operated by the state or municipalities. Municipality is defined in sec. 345.05(1)(a) as "any county, city, village, town, school district (as enumerated in s. 67.01(1), sewer district, drainage district and, without restriction because of failure of enumeration, any other political subdivision of the state." The legislature recognized in sec. 345.05, Stats. 1975, that because the section governs the state and several types of local governmental units, sec. 345.05 had to fit with the various existing claims statutes applicable to the different governmental units. To accomplish this result the legislature provided in sec. 345.05(3) that "the manner and form of and the place for filing claims shall be" that provided in the designated statute for a particular entity. If the claim is against the city, sec. 345.-05(3)(c) provides that sec. 62.25 governs the manner and form of and the place for filing claims with the city clerk.

Sec. 62.25 is part of chapter 62 entitled "Cities, General Charter Law." The section is of long standing and appears to govern all claims and actions against a city. *Pattermann v. Whitewater,* 32 Wis.2d 350, 356–357, 145 N.W.2d 705 (1966).

vised by ch. 285, Laws of 1977, effective November 8, 1978, so that it no longer states the time within which an action must be brought against the city. Sec. 895.43(1)(b), Stats. 1977, provides as of November 8, 1978, that no action on a claim against the city or the employee may be brought after six months from the date of service of the notice of disallowance.

The provisions in both sec. 62.25(1)(a) and sec. 345.-05(4) stating that the council's failure to act constitutes a disallowance of the claims were designed to assure that the city would have the opportunity to evaluate the claim but would not be able to delay decision on the claim indefinitely. The provisions in both sec. 62.25(1)(e) and 345.05(4) requiring an action founded on the claim to be brought within a certain time after a specified event of disallowance were designed to assure prompt initiation of litigation of claims against the city.

Despite these similarities, a key distinction between secs. 62.25 and 345.05, Stats. 1975, exists. This distinction, on which this case turns, is that subsection (1)(c) of sec. 62.25[8] requires that the clerk serve on the claimant notice of disallowance if the claimant's address has been furnished, while sec. 345.05 makes no provision for the state or municipality to give the claimant notice of disallowance. Because sec. 62.25(1)(c) requires notice of disallowance, sec. 62.25(1)(e) bars an action founded on the claim unless brought within six months after service of notice of disallowance; if no address of the claimants was furnished the action is barred six months after disallowance. In contrast, sec. 345.05(4) provides that the six months period within which the claimant must bring an action runs from the date of actual disallowance or the 90th day after presentation if the council fails to act.

We recognize that the reference in sec. 345.05(3) to the "manner and form of and the place for filing claims" as provided in sec. 62.25 does not include a specific reference to the requirement that the clerk serve a notice of disallowance. However, sec. 62.25 itself does not spell

---

[8] Sec. 62.25(1)(c), Stats., provides: "The clerk shall cause to be served on the claimant notice of any disallowance if the claimant in writing furnished the address of his usual place of abode. . . ."

out the manner and form of filing a claim. Subsections (1)(a) and (1)(e) of sec. 62.25 are very similar to language contained in sec. 345.05, and it would not have been necessary for the legislature to have referred to sec. 62.25 in sec. 345.05. In reviewing the nature of the provisions of secs. 62.25 and 345.05, it is unclear what provisions of sec. 62.25 are operable when injury results from a motor vehicle accident. It seems illogical for sec. 345.05 to eliminate subsec. 62.25(1)(c), the provision requiring the clerk to serve a notice of disallowance, and yet have other parts of sec. 62.25 remain in effect.

The distinction between the provisions of sec. 62.25 and sec. 345.05, Stats. 1975, is symptomatic of a pervasive difficulty with the claims statutes, namely, ". . . [v]arious provisions of the Wisconsin statutes contain a variety of procedural steps to follow when bringing a claim against a county, town, city, school district or other municipality." Legislative Reference Bureau Note —1978, to sec. 893.80, 40K Wis. Stats. Annot. Cum. Pock. Part 1980–1981.[9]

Having acknowledged the confusion which surrounds the issue, we conclude that sec. 345.05 and sec. 62.25, Stats. 1975, dealing with similar subject matter, should be harmonized, to the fullest extent possible, to give effect to both provisions. *Hansen Storage Co. v. Wis. Transp. Comm'n,* 96 Wis.2d 249, 255–256, 291 N.W.2d 534 (1980).

We think one guide for harmonizing these statutes is to read them, whenever possible, to provide a single statutory procedure applicable to all claims and all claimants against a particular governmental unit. We believe

---

[9] The legislature has attempted to remedy this situation by the 1977 amendments referred to previously. *See* secs. 62.25, 345.05, 893.80, Stats. 1979–80.

it is easier for both the city and claimants against the city if all claims against the city—whether arising from motor vehicles or from other sources—are processed in the same way. If we adhere to this principle we would view sec. 345.05(4) as applying only when no different procedure or limitation is imposed in one of the statutes to which sec. 345.05(3) refers.[10] Accordingly, we would interpret sec. 62.25(1) (e) as the controlling statute in the case at bar, and the action would not be barred. For these reasons and those which follow we adopt this interpretation and hold that the action is not barred.

This interpretation, which preserves the claim, is also consistent with the rules of construction applicable to statutes of limitation. This court has stated that "[a] statute of limitations should not be applied to cases not clearly within its provisions" and that "[s]tatutes creating limitations are to be reasonably and fairly construed, but should not be extended by [judicial] construction." *Pugnier v. Kamharter*, 275 Wis. 70, 77, 81 N.W.2d 38 (1957).

Our interpretation is also consistent with the public policy justifications for statutes of limitation. Statutes of limitation are imposed to ensure prompt litigation of valid claims and to protect a defendant from fraudulent or stale claims. *Armes v. Kenosha County*, 81 Wis. 2d 309, 319–320, 260 N.W.2d 515 (1977). Interpreting sec. 62.25(1) (e) to apply does not unduly lengthen the period during which suit may be commenced. On the contrary, the length of the period is controlled by the council which has only to serve notice of disallowance in order to start the six-month period within which the action must begin. In this respect, sec. 345.05, not re-

---

[10] Unlike sec. 62.25, Stats. 1975, some statutory provisions to which sec. 345.05(3) refers do not contain any disallowance provision. *See, e.g.*, secs. 16.53(8), 345.05(3) (g), Stats. 1975.

quiring proof of service of notice of disallowance, does little to ensure prompt litigation; such a statute is more likely to deprive unwary plaintiffs of the opportunity to litigate.

We recognize that certain language in *Shannon v. Milwaukee*, 94 Wis.2d 364, 289 N.W.2d 564 (1980), relied upon by the defendants, suggests a different result. The city relies in particular on the following language from *Shannon v. Milwaukee*, 94 Wis.2d at 368:

"Sec. 345.05, Stats., sets out the manner in which persons who suffer damage as a result of the negligent operation of motor vehicles owned and operated by the state or a municipality may file claims against such governmental entities. Where the claim is against the city, sec. 345.05(3)(c) states that it shall be filed with the city clerk as provided in sec. 62.25. Sub. (4) of sec. 345.-05 provides that the failure of a governing body to pass upon a claim filed under that section within 90 days after presentation constitutes a disallowance and that disallowance 'bars any action founded on the claim' unless brought within six months thereafter."

In *Shannon,* however, the court was not presented with and did not decide the question which is before the court in the case at bar.

In *Shannon,* the city and the insurer of the city employee were named defendants. The city employee was not a defendant in the lawsuit. The circuit court dismissed the action against both defendants, that is the city and the insurer, because the action was not brought within the six-month period defined in sec. 345.05(4). The court of appeals, in an unpublished decision filed August 31, 1978, held that because the action was not commenced against the city within the six-month period provided by sec. 345.05, the action against the city was properly dismissed. With regard to the insurer, the court of appeals held, however, that sec. 345.05 which refers only to the state and municipality, was not ap-

plicable to the city employee and allowed the action against the insurer of the employee to proceed. The insurer sought review of this latter part of the decision of the court of appeals; the claimants did not seek review in this court of the dismissal of the complaint against the city. The issue before this court on review in *Shannon* was therefore whether sec. 345.05(4), Stats. 1975, applied to an action brought against a city employee; this court held that sec. 345.05(4) did not apply. The *Shannon* court was not presented with and did not decide the issue presented in the case at bar, namely whether sec. 62.25(1)(e) or sec. 345.05(4) is controlling when an action is brought against the city. The language from *Shannon* relied upon by the defendant paraphrases the statutory language of sec. 345.05, Stats.; it does not purport to state a holding of this court on an issue not presented to the court.

Accordingly, we conclude that sec. 62.25(1)(e), Stats. 1975, governs this action and that the action was commenced timely.

For the reasons set forth, we hold that the circuit court erred in granting summary judgment in favor of the defendants as to plaintiff Floyd Gutter and in favor of the defendant city employee as to plaintiff Bobbie Gutter. We therefore reverse the decision of the court of appeals as to plaintiff Floyd Gutter and as to plaintiff Bobbie Gutter with respect to her cause of action against the city employee; we affirm the decision of the court of appeals as to Bobbie Gutter's cause of action against the city; and we remand the matter to circuit court.

*By the Court.*—The decision of the court of appeals is reversed in part and affirmed in part; the judgment of the circuit court is reversed in part and affirmed in part; and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.