GARY I. GATES, Secretary Department of Employe Trust Funds
You request my opinion on whether public school administrators are eligible to vote for public school teacher candidates for the Teachers Retirement Board (Board) and to run for election to that Board as public school teachers. Public school teachers elect nine of the thirteen Board members. Sec. 15.165(3)(a), Stats. The other Board members are appointed by the governor. Sec.15.07(1)(b), Stats.
It is my opinion that public school administrators are public school teachers for these Board election purposes, and are authorized by section 15.165(3)(a)1. to be candidates and to vote for teacher positions on the Board.
Section 15.165(3)(a) sets forth the qualifications for election to the Board by stating:
 There is created in the department of employe trust funds a teachers retirement board. The board shall consist of 13 members, to serve for staggered 5-year terms. The board shall consist of the following members:
 1. Six public school teachers who are participating employes in the Wisconsin retirement system and who are not eligible for election under any other subdivision of this paragraph, elected by participating employes meeting the same criteria.
 2. One public school teacher from a vocational, technical and adult education district who is a participating employe in the Wisconsin retirement system, elected by teacher participating employes from vocational, technical and adult education districts.
 3. One administrator in Wisconsin's public schools who is not a classroom teacher.
 4. Two university of Wisconsin system representatives who are teacher participants in the Wisconsin retirement system. The *Page 142 
representatives under this subdivision shall not be from the same campus.
 5. One representative who is a member of a school board.
 6. One annuitant who was a teacher participant in the Wisconsin retirement system, elected by the annuitants who were teacher participants.
 7. One teacher in the city of Milwaukee who is a participating employe in the Wisconsin retirement system, elected by the teachers of the public schools in that city who are participating employes.
"Teacher" is defined in section 40.02(55) as follows:
 "Teacher" means any employe engaged in the exercise of any educational function for compensation in the public schools or the university in instructing or controlling pupils or students, or in administering, directing, organizing or supervising any educational activity, but does not include any employe determined to be an auxiliary instructional employe under s. 115.29(3).
While the definitions set forth at section 40.02 are by that statutory section to be used "[i]n this chapter," they are also properly used in interpreting section 15.165(3)(a) since the Board's duties and responsibilities are set forth exclusively in chapter 40. See secs. 40.03(7) and 40.63(5), Stats. Gutter v.Seamandel, 103 Wis.2d 1, 23, 308 N.W.2d 403 (1981).
Public school administrators are thus "teachers" and eligible to participate in the section 15.165(3)(a)1. election notwithstanding subsection (3)(a)3. which requires that the governor also appoint a public school administrator to serve on the Board. Sec. 15.07(1)(b), Stats. The only "teachers" that are excluded from the subsection (3)(a)1. election are those "eligible" for election under other (3)(a) subdivisions. Since the subsection (3)(a)3. administrator is appointed, not elected, that exclusion does not apply.
 Statutes dealing with the same subject matter must be construed together and harmonized if possible. [Case cites omitted.] This is especially true of the statutes in question, which were amended in the same bill.
State v. Campbell, 102 Wis.2d 243, 252, 306 N.W.2d 272 (Ct.App. 1981). *Page 143 
The Board was created and the definition of teacher was established in the same session law. Ch. 96, Laws of 1981. This same session law also recreated the basis for teacher membership on the Retirement Research Committee (R.R.C.). AS then created, section 13.50(1)(c) reads in part as to the teacher representatives:
The committee shall consist of:
. . . .
 (c) Three representatives of public employes, appointed by the governor, of whom:
 1. One shall be representative of state employes, or nonteaching local government employes;
 2. One shall be a teacher holding a license or certificate under s. 118.19 who is not employed by the state or the city of Milwaukee; and
 3. One shall be a teacher holding a license or certificate under s. 118.19 who is employed by the city of Milwaukee.
(Section 118.19 concerns the required license to teach.)
It is significant that the Legislature limited teacher participation on the R.R.C. to certificate-holding teachers. This contrasts with section 15.165(3)(a) which does not restrict the term "teacher" to licensed teaching employes.
Differences between the Board and R.R.C. statutes are more instructive than the similarities. The Legislature could have established either the restrictive (teacher license) R.R.C. requirement or broad section 40.02(55) definition of "teacher" for both the R.R.C. and Board. AS the court stated in State v.Campbell, 102 Wis.2d at 253:
 Since both statutes were under consideration at the same time, we conclude that the differences in the language chosen for each statute imply a different scope for each.
Had the Legislature intended the Board teacher-representative elections to be limited to licensed teaching employes, it could have so specifically provided at section 15.165(3)(a) as it did at section 13.50(1)(c). I find no basis to add a restriction that the Legislature was aware of but chose not to include. *Page 144 
I therefore conclude that public school administrators are eligible to be candidates and to vote for candidates for the Teachers Retirement Board under section 15.165(3)(a).
DJH:WMS *Page 145